IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
———————————————————————x
JAMES "OLIVER" YOUNG,

          PLANTIFF(s),

—against— (V.)—

- NEW YORK STATE (a/k/a)
  THE STATE OF NEW YORK
- NY STATE DIVISION FOR YOUTH
- LIVINGSTON COUNTY DISTRICT ATTORNEY
- FATHER JAMES MULCAHEY

          RESPONDANT(s)
———————————————————————x

CIVIL NO.:

20 CV 6584 EAW

Jury trial demanded

FILED AUG 10 2020

## I) COMPLAINT:

"Pro Se" complaint of James "Oliver" Young, herin after known as "Plantiff" brings first hand knowledge in regards to Above complaint against NEW YORK STATE (a/k/a) THE STATE OF NEW YORK, herein after known as Defendant I, against NY STATE DIVISION FOR YOUTH, herein after known as Defendant II, LIVINGSTON COUNTY DISTRICT ATTORNEY, herein after known as Defendant III, against FATHER JAMES MULCAHEY, herein after known as Defendant IV, and plantiff does state the following:

## II) PARTIES, JURISDICTION AND VENUE:

1) PLANTIFF (JAMES OLIVER YOUNG) who does RESIDE IN MONROE COUNTY JAIL - 130 SOUTH PLYMOUTH AVENUE ROCHESTER, NY 14614.

-1-

2) Plantiff is, and at all times mentioned herein, was a child, now an adult citizen of the UNITED STATES of AMERICA and a Resident of NEW YORK.

3) Defendant I - NEW YORK STATE (a/k/a) the STATE of NEW YORK located: The Capital Building
ALBANY, NEW YORK 12224

4) Defendant II - NY STATE DIVISION FOR YOUTH located at time 1660 ELMWOOD AVENUE ROCHESTER NY 14618

5) Defendant III - LIVINGSTON COUNTY DISTRICT ATTORNEY: LOCATED: 2 COURT ST. GENESEO NY 14454

6) Defendant IV - FATHER JAMES MULCAHEY who did resided at: LAST KNOWN 1688 DALTON RD NUNDA NY 14517

7) Defendant IV is, and was at all times mentioned herein, an adult citizen of the UNITED STATES of AMERICA and was a Resident of the STATE of New York.

8) This action and complaint arises and is brought pursuant to, FEBRUARY 14, 2019, NEW YORK STATE enacted the CHILDS VICTIMS ACT ("CVA") (L. 2019 c. 11) which, inter alia, (1) extended the statute of limitations on criminal cases involving certain sex offenses against children under 18 (SEE CPL 30.10 [F]); (2) extended the time which civil actions based upon such criminal conduct may be brought until the child victim reaches 55 years old (SEE CPLR 208 [b]); and (3) opened a (1) ONE-YEAR reviving civil actions for which the statute of limitations

had already run (even in cases that were litigated and dismissed on limitations grounds) commencing August 14, 2019 (SEE CPLR 214-g).

9) This complaint did arise within NEW YORK STATE and WESTERN, NEW YORK, therefore judicial venue is proper for litigation of CHILD VICTIMS ACT ("CVA") under United States WESTERN DISTRICT COURT, for ACTION, Remedy and relief.

### III) PREVIOUS LAWSUIT BY PLANTIFF:

As of this date, Plantiff **HAS JUST** filed another lawsuit dealing with SAME STATUTE but against a different "DEFENDANT" and is NOT RELATED to this action. As of this date, no docket or index number has been issued from the Supreme Court of New York, County of MONROE.

### IV) STATMENT OF CLAIM:

As of this "Pro SE" complaint and at all relevant times and approximate dates, and Plantiff's "FIRST HAND" knowledge, defendant(s) did act wrongfully, willingly, neglectfully as well as regularly under the provisions of the "CHILD VICTIMS ACT" ("CVA"). **FACTS** are set forth more fully and distinctly below. This "PRO SE" complaint should also be allowed to be "liberally" construed as well, for claimant is from 1985.

-3-

## V) STATEMENT OF FACTS:

This Plantiff does have "First Hand" Knowledge of the alleged conduct, actions, and negligence within the inside of the filed complaint as he remembers to the very best of his ability.

1) Defendant I + II - Had first hand knowledge of some previous sexual complaints that were lodged against him in years previous to Plantiff's placement within defendant IV home. It has been alleged through an investigative news expose through WHAM - Channel 13 News in 2019. It was exposed Defendant IV had acted inapproiply with more boys that were placed within his home. State Police reports were taken and filed to where Denfendant(s) I + II were aware of allegations and chose to ignore them or turn a blind eye to the alleged abuse. The Defendants I + II did have, or "should" have had some internal review reports of any persons or entity who receives compensation. During the internal review or security measures, Defendant I + II could have seen the sexual misconduct Police report in the State Police computer, and could have and **SHOULD** have stopped the entire placement of **PLANTIFF** to avoid his sexual attacks, in 1985.

2) Defendant III - Did have first hand knowledge of Defendant IV action for they were the office that pressed charges against him in November of 1985.

-4-

However, within the investigative expose by WHAM Channel 13 report, the case against Defendant IV "mysteriously" was dismissed for no apparent reason. This action stole Plantiffs right to prosecute the Defendant IV to the fullest extent of the law at the time in 1985-1986. This act of dismissal was done knowingly and neglectfuly with no care of the Plantiff's right to prosecute.

3) Defendant IV - Did knowingly + willingly sexually abused Plantiff within in his home in 1985. Acts did consist of massaging plantiff's penis, having plantiff sit on his bare lap in living room. Defendant IV also used to come into his room at night and sexually assault him to point of ejaculation. When Plantiff was first around Defendant IV within the first week, he ordered Plantiff to stand in front of him with no pants on so he could ejaculate himself. He even slept in his room with 2 other boys who were "Tim" age 18, and Sean age 16. The defendant IV always told us that if we did not do as he asked, he would "ship us back to the group home, or even worse, jail." When I was alone with Defendant IV he would hug me from behind and press his genitals into my lower back and move back and forth. One attack came at night when Defendant IV woke up Plantiff in

-5-

the night, told him to follow him to his room. He then pulled off his pants as well as Plantiff's and pulled him ontop of him. Defendant IV then pulled Plantiff down, put his penis between his legs and moved it up and down whispering "It feels like a vagina", he then ejaculated onto Plantiff's buttocks crack, anus and buttocks.

4) These assaults happened all the way up to Thanksgiving of 1985 when Plantiff did tell his older brother of the assault as Plantiff was on a holiday and a family visit. Brother ran to house and immediately informed thier mother who then called the STATE POLICE. Plantiff remembers a STATE TROOPER in his living room awaiting to take a report after we finished our thanksgiving meal.

### VI) MOTION TO COURT:

Plantiff does understand and acknowledges that the court does not give protection of counsel in civil actions, HOWEVER, Plantiff's "Pro Se" application needs to be litigated through extremely proffesional means. Not only to respect the rules and regulations that honor's the Court, but because Plantiff's complaint holds substational merit and cause for relief. Complaint is not "FRIVOLOUS" in nature, and Plantiff's inability to pay for counsel in his own filing

of "IN forma Pauperis" should NOT DEMINISH the Complaints right to litigate the MATTER for the concerns of Justice and the ongoing safety to the public itself. This complaint does contain many crucail facts, discovery and negligence that do need the uptmost of legal ATTENTION, AND deFINATELY is arguable upon Law and facts (SUBSTANTIAl).

## VII) PRAYER FOR RELIEF:

PLANTIFF does hereby request AN ORDER that Defendant(s) DID ACT KNOWINGLY, deliberately AND Negligently IN voilation of the "CHILDS VICTIM ACT" ("CVA") (CPL 30.00 [e]) to be STATED AND recorded on record. PLANTIFF Also requests from Court "MONUTARY" damages AND relief for PAIN & SUFFERING, PTSD, psychological TRAUMA, humiliation, destruction of family relationships, past and present, destruction of parent child BOND AND relationship past and present, present and future medical and psychological expenses, EMOTIONAL AND physical distress and ATTORNEY AND All court costs AND future unemployment As follows:

(I) Defendant I       $8,500,000.00
(J) Defendant II      $8,500,000.00
(K) Defendant III     $5,750,000.00
(L) Defendant IV      $22,300,000.00

WITH the ability to seize any and all retirement, pension, real property, bank accounts, brokerage account, life insurance payment or cash value, and any and all of the alike accounts, even home owners insurance.

SIGNED THIS __6__ DAY OF 2020 OF August

NOTARY:
Sabra W Hickam

SIGNATURE: _____

SABRA W HICKAM
Notary Public, State of New York
No. 01HI6295885
Qualified in Monroe County
Commission Expires January 13, 2022

JAMES O YOUNG
PRINT NAME:

I declare under penalty of perjury that the foregoing is truthful and correct.

August 6 2020
DATE

SIGNATURE: _____

JAMES O YOUNG
Printed Name

MAILING DATE TO COURT:

-8-

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

JAMES "OLIVER" YOUNG
          et al., PLANTIFF(s)
    -AGAINST (V.)
- NEW YORK STATE (a/k/a)
  THE STATE OF NEW YORK
- NY STATE DIVISION FOR YOUTH
- LIVINGSTON COUNTY DISTRICT ATTORNEY
- FATHER JAMES MULCAHEY
          et al., DEFENDANT(s)

AFFIDAVIT

CIVIL ACTION
NO. _____

## AFFIDAVIT of [JAMES OLIVER YOUNG]

I JAMES "OLIVER" YOUNG, being duly sworn according to the law deposes and say that I am the Petitioner of the above titled proceeding.

I bring said proceeding against Defendant(s) under the "CHILD VICTIMS ACT" ("CVA") AND any and all of the information I have submitted in support of my case or Plantiff's case, is true and correct.

SIGNATURE:

NOTARY PUBLIC

Sworn to be before me this 6 day of August, 2020

PRINT NAME: JAMES O YOUNG

SABRA W HICKAM
Notary Public, State of New York
No. 01HI6295885
Qualified in Monroe County
Commission Expires January 13, 2022

Sabra W Hickam

-9-